IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
**COLUMBIA** DIVISION

| | |
|---|---|
| JENNIFER SARPONG ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:15-cv-02675-CMC |
| vs. ) | |
| ) | |
| NCO FINANCIAL SYSTEMS, INC. ) | **COMPLAINT** |
| ) | **Jury Trial Demanded** |
| ) | |
| Defendant. ) | |

## NATURE OF ACTION

1. This is an action brought by Plaintiff Jennifer Sarpong against NCO Financial Systems, Inc. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

5. Plaintiff Jennifer Sarpong is a natural person who resides in the city of Columbia, South Carolina, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of the FDCPA with standing to assert this claim under 15 U.S.C. § 1692k(a).

6. Defendant NCO Financial Systems, Inc. (hereinafter referred to as "NCO") is a Pennsylvania corporation which can be served with process through its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia SC 29223. Defendant NCO, at all relevant times, was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5). NCO is a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. On or before September 20, 2006, the Plaintiff allegedly incurred a financial obligation which was primarily for personal, family, or household purposes and is therefore a "debt" as defined by 15 U.S.C. §1691a(5), namely a loan with JP Morgan Chase Bank, which was used for personal, family, or household purposes.

8. Sometime thereafter, the debt was assigned or transfer to Defendant for collection from Plaintiff.

*Letters from Defendant NCO*

9. Defendant sent a letter to Plaintiff on July 7, 2014 in an attempt to collect a debt.

10. The letter dated July 7, 2014 states that the principal amount due was $23,982.826. The letter states that there is $0 in interest or collection charges.

11. One month later, the Defendant sent Plaintiff another letter dated August 19, 2014. The letter dated August 19, 2014 showed a new balanced of $59,852.54.

12. The balance on the account increased $35,870 in just 42 days.

13. The Defendant sent another letter on September 21. The alleged debt amount increased again to $59,969.34 on September 21, with a new principal balance of $57,310.96 and interest fees now of $2,658.38.

14. Defendant misstated the amounts due and attempted to illegally collect monies, interest, and fees.

*Calls to Third Parties*

15. Defendant began calling the Plaintiff and third parties about the debt.

16. Defendant called Plaintiff's home phone number and spoke with Plaintiff's Mother.  Plaintiff's mother asked what the call was about.  Defendant informed Plaintiff's mother that they were a debt collector calling about a debt for a student loan.  Plaintiff's mother told Defendant that she is not involved in the debt and to stop calling her home phone number.  Defendant continued to call Plaintiff's mother about the debt.  Plaintiff mother answered the phone and spoke with Defendant several times.  Plaintiff's mother repeated the request to stop calling

*Telephone Harassment*

17. Defendant told Plaintiff that this matter must be resolved before it escalates and demanded an initial payment in the amount of $10,000.

18. Plaintiff wanted to make a payment on the debt and was scared of further actions that Defendant threatened. Plaintiff told Defendant that she may be able to borrow money from a family member to make the payment of $10,000.

19. Defendant demanded that a payment will be set up for $10,000 from Plaintiff's checking account. Plaintiff was hesitant to arrange the payment, because she did not have the money in her account. Defendant convinced Plaintiff to schedule the payment and advised Plaintiff that she can call to cancel the payment if necessary.

20. Plaintiff was unable to borrow money from relatives and cancelled the payment with her bank.

21. Two days after cancelling the payment, Defendant called the Plaintiff and demanded to know what happened with the payment of $10,000. Plaintiff advised Defendant that she was not able to borrow the money.

22. Defendant became very angry and told Plaintiff that she never intended to pay. Plaintiff reiterated that she never had the money and had attempted to borrow money from relatives. Defendant continued to yell at Plaintiff, attacking her character, and called her a liar.

23. After constant yelling by Defendant, Plaintiff began crying and the phone call ended.

24. Plaintiff has suffered actual damages as a result of Defendant's conduct in the form of lack of sleep, inability to concentrate and/or work, anger, anxiety, emotional distress, humiliation, frustration, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION

### COUNT 1

**Violations of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 et seq.**

25. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

26. The foregoing intentional and negligent acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

27. Specifically, Defendants each violated 15 U.S.C. §1692(e)(2) by falsely representing the character, amount, or legal status of the Debt.

28. Defendants also violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount of the debt and whether the amount of debt included interest.

29. Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the Debt.

30. Defendants violated 15 U.S.C. § 1692(c)(b) by communicating with Plaintiff's mother.

31. Defendant violated 15 U.S.C § 1692(d) by harassing, abusing, or oppressing the debtor when attempting to collect a debt.

32. As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

Respectfully submitted,

Dated: July 6, 2015 **ELLSWORTH LAW FIRM**

*s/ Brian J. Ellsworth*_____
Brian J. Ellsworth (#11839)
201B Waller Ave.
Greenwood, SC 29646
Phone: (864)757-4938
Fax: 864-330-2954
brian@bjellsworth.com
**Attorney for Plaintiff**